Wheeler v. Hronopoulos is our next case for argument. Mr. Craddock. Good morning. May it please the Court. I'm Jason Craddock. I represent the appellants William Wheeler and Joyce Thomas. And just briefly, I'm going to mention the important facts. There was a – this case involves a Fourth Amendment – alleged Fourth Amendment violations, starting with a search of a residence and culminating in an arrest and a year-long detention of Mr. Wheeler before he was found not guilty. You know, forgive me, you seem to argue that there's a factual dispute regarding whether the informant told Officer Hronopoulos that Wheeler was storing guns in his home. Where in the record will we find that argument? That would be in the district court's opinion. They had overruled certain objections that we made on the basis of hearsay, and the paragraph 3 of the defendant's Rule 56 statement is where it was. We had objected to that, and the court did not overrule that objection. Well, here's what I'm a little confused about. In the district court, you argued that Dole's statement was hearsay, correct? I'm sorry? That Dole's statement to the officer was hearsay? Didn't you argue that in the – I did. But now you argue that there's a dispute as to whether the statement even occurred at all. Didn't you waive this argument by not raising it below? No, I didn't waive the argument because we – the objection that we made to the denial and objection we made to paragraph 3 of the Rule 56 statement was not – the objection was not overruled. The paragraph was not deemed admitted. And so on that basis, the district court didn't – that leaves it as a fact dispute. Does Dole exist or not exist? The informant. That's the – I mean, that's the – I don't think we said that he didn't exist. I think we said that there was a question as to whether he had made the statements to the officer that are alleged to have been made regarding Mr. Wheeler. And so with that dispute, what happened is it looks like the district court, maybe it made a mistake. Maybe they meant to overrule paragraph 3, but they didn't, which then leaves a fact issue which would make this a case that should go to the jury because the – What issue do you think there is? I was a little unclear on reading the briefs. With respect to the raid, the issue would be did the – well, the main issue was was there a probable cause? So if there's a dispute as to – Well, that is not an open issue. Once the warrant was granted, the issue for every other court is essentially did the judge who issued the warrant take leave of his census? We don't judge probable cause from scratch. I mean, that's the holding of the Supreme Court in Illinois against Gates and of this court in the United States against McIntyre, neither of which her brief mentions. You simply assume that we decide probable cause from scratch, and we don't. So is there some other issue in this case? The probable cause issue has not only affected the search but also the arrest. To be frank, the bigger concern I have is with the detention because with the detention – Are there any potential legal issues if the warrant is valid? If the warrant is valid, we argue that – and the court found that the warrant was not shown to the complaint of Thomas. There's no constitutional requirement to show her. So we would concede that the warrant does close the door on that. It does not close the door – Well, then what are we here for then? Well, there's another part of this case, which is the detention. Again, that's the larger concern that we have. How could the detention be problematic if the warrant was valid? The detention would be problematic, and we're not talking about the arrest. We're talking about the detention. Yeah, well, the sequence is warrant issued, warrant executed, evidence found, arrest made, detention follows from the presence of the evidence. Is there anything that is challengeable in that sequence other than the validity of the warrant? That's what I'm pursuing. I understand that, Judge Easterbrook. What we are challenging is the fact that the plaintiff's due process rights were violated because fingerprints were not taken of the contraband, and it's our view that that's – Whose responsibility was it for the fingerprints, even if it makes a difference? It's the state's responsibility because under Brady v. Maryland, it doesn't matter whether they do it in bad faith or they fail to do it in good faith. Your complaint doesn't plead a Brady violation. Well, it does plead a due process violation in count three. What part of the Constitution guarantees a right to be fingerprinted? It's not per se a right to be fingerprinted. What case holds that anyone has a right to be fingerprinted? I haven't found a case specifically dealing with fingerprints. Look, it's zero. You can't bring a lawsuit based on constitutional provisions that don't exist and case law that's never been decided. The case law does say that the state has a duty to provide exculpatory evidence. That's the trial. The Brady right, which, of course, as Judge Gilbert said, was not involved in the district court. The Brady right is a trial right. It is not a pretrial right. It is not an investigation right. It is a right to disclosure of exculpatory evidence at trial, and it's a right to disclosure of exculpatory evidence in the possession of the police. It's not a right to have them conduct a better investigation. Those are just statements of black-letter law, counsel. What we're arguing is that the purpose of the duty to disclose exculpatory evidence would include the gathering of such evidence. The Supreme Court has expressly rejected that argument. It is said that Brady is limited to evidence in the possession of the police and that the time for disclosure is at trial. We are not going to hold that the Supreme Court is wrong. The Constitution calls us an inferior court. It means we're bound by their decisions. We don't just make things up on our own. In a different case, the United States v. Eggers, the Supreme Court case from 1976, there was a duty to provide exculpatory evidence even when it's not asked for by the institution. But there's no legal authority that the government is obligated to create. You have to provide it. That's the meaning of Brady. You don't have to create it. You don't have to conduct a better investigation. All of these things have been considered by quite a lot of judges, and you're just asserting the opposite of what's pretty well-settled law. I think there's a question of what process is owed to the defendant, especially when we're talking a year-long detention. If this were like a week-long detention, we wouldn't be here. But the fact that that one little thing could have saved him a year in jail. I'm not seeing where the case law, I wouldn't call it creating evidence, taking the fingerprints is routine. It's not any sort of extraordinary. Well, why couldn't a defense attorney ask for fingerprint analysis? It's not the responsibility of the government to go out and do the defendant's work, is it? I wasn't his defense attorney, so I couldn't answer that question as far as why they didn't do that. But maybe they did. I don't know. Well, if they did, then you'd have it. But it wasn't done. And the officer testified at the deposition that it wasn't done. They thought it wasn't necessary, simply because of the other information they had from the informants. Absolutely. It wasn't necessary for fingerprint analysis. So then, like Judge Eastman was saying, it's not their responsibility to go out and create it. And if the defense counsel thought it was important, defense counsel could have sought fingerprint analysis. That does go back to the issue of, as I said, there was a fact dispute over whether the John Doe had informed the officer of the contraband. And that was the basis of the probable cause. And we're not talking about the warrant. We're talking about the information that was conveyed. And so because that paragraph that we objected to was not, our objection was not overruled, we would say that that put a duty on the officers to, or that that raises a dispute as to whether the officers could say they had enough based on that, if there's a dispute that that conversation even took place. I'll reserve the remainder of my time for rebuttal. Certainly, Mr. Craddick. Mr. Breyer. Thank you. Good morning, and may it please the Court. We'll rest on our brief, except to clarify one point. Opposing counsel has represented that the district court left hanging this hearsay issue. That's irreconcilable with the record at, and I'm using the appendix sites here, at 8-3 to 8-4, as well as 8-6. The district court quite clearly said both that hearsay may be considered in the basis of determining probable cause, relying on Illinois v. Gates, among many others, as this court knows. And 8-6, also, it's just not hearsay in the first place. It's not for the truth of the matter asserted. It's just for the effect it has on the officer, who, as we all know, basically has to rely on such statements in the course of the duties. When people report crime, that's often going to be in the most literal sense hearsay, but officers can always rely on that. For the remainder of any issues presented here, we'll rest on our briefs, unless those panels take place. Is there a material issue of fact here? There is not. There is not a single issue of genuine issue of material fact here. Everything was either admitted or objected to purely on hearsay grounds that were rightly rejected by the district court, or were not properly objected to in the manner required by Federal Rule 56 or Local Rule 56.1, where you have to come forward with actual evidence, creating a spute. Nothing like that happened here. If there are no further questions, we respectfully request that you affirm in all respects. Thank you. Thank you, Mr. Breyer. Anything further, Mr. Craddick? Not much that needs responding to. Very briefly. As far as the, I think it might be helpful to the court to just briefly read the paragraph that we say was not, that the court did not overrule our objection. No, I don't think it's necessary to read verbatim from opinions. Okay, I won't read it then. All right. I'll just, in a nutshell, it says we're disputing that the officer received the information from the John Doe that firearms were being stored in the second floor apartment, which is the apartment that my client's, was their apartment. You're over your time, and I don't think this is adding to your presentation. So thank you very much, counsel. Our final case of the day.